

FILED

MAY 14, 2009

KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## AMARILLO DIVISION

_____

| | | |
|---|---|---|
| LUTHER WAYNE COBB, PRO SE, | § | |
| also known as | § | |
| LUTHER WAYNE WARE, | § | |
| TDCJ-CID No. 1294301, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-0034 |
| | § | |
| Senior Warden TIMOTHY SIMMONS, | § | |
| Senior Warden JOE NUNN, | § | |
| Librarian II MARYANN LAMB, | § | |
| Correctional Officer MELONIA SIMMON, | § | |
| Assistant Warden GLEN H. WHITFIELD, and | § | |
| Asst. Prog. Admin. VICKY BARROW, | § | |
| | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff LUTHER WAYNE COBB, also known as LUTHER WAYNE WARE, acting

pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional

Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983

complaining against the above-referenced defendants and has been granted permission to

proceed in forma pauperis.

Plaintiff claims that, October 7 and October 14 of 2006, defendant LAMB violated

plaintiff's right of access to the courts by failing to enter data from the Law Library Sign Up

Roster into the law library computer so a law library pass would be issued for plaintiff the

following day[1].  Plaintiff complains that, on December 27th, 2006, defendant BARROW refused

to redress his claim that there had been five previous months of sporadic denial by failure to

enter data into the computer.  He also claims Assistant Warden GLEN H. WHITFIELD, Senior

Warden TIMOTHY SIMMONS, and Senior Warden JOE NUNN "fail [sic] to supervise or

correct failures."

Plaintiff further claims that, between October 10 and October 19, 2006, defendants

Librarian II LAMB and CO MELONIA SIMMON[2] verbally denied plaintiff's I-60 request for

extra law library sessions and kept it.   Plaintiff states he had to go through the grievance

procedure to get extra sessions, but that, later, all inmates were given extra sessions.

Plaintiff contends the lack of law library time "caus[ed]" the Statute of Limitations to

expire on a tort claim and caused unspecified injury to plaintiff's writ of habeas corpus, cause

no. W-07-CA-409[3].

Plaintiff also claims he has suffered retaliation "for preserving access to the courts

denials violating 1st and 14th amendments to the United States Constitutional and Board Policy

03.81 which injured his legal claims."  Plaintiff claims that, between October 21, 2006 and

January of 2007, there were instances in which defendant CO SIMMON yelled at plaintiff,

allegedly to provoke plaintiff in order to give him a disciplinary case.  Plaintiff contends these

were actually instances of retaliation by defendant LAMB, acting through CO SIMMON.

Plaintiff also alleges defendant LAMB once warned him that he seemed to be trying to stare at

---

[1]The resolution of step 2 grievance for this claim is dated January 30, 2007.  For purposes of limitations, plaintiff filed the instant suit on January 26, 2009.

[2]Distinguished from defendant Senior Warden Timothy Simmons.

[3]See first hand-printed page entitled "Continued Statement of Claim" attached to plaintiff's complaint.

her and defendant SIMMON from behind and implied plaintiff could be given a disciplinary case. Plaintiff says he was in fear of his life and experienced such a dry mouth that he had to drink water when he returned to his cell.

Plaintiff also alleges a retaliatory cell search by defendant VANDERBURG, who conducted a second cell search within two hours of an earlier cell search by two new correctional officers and confiscated three pairs of plaintiff's socks found under his mattress and which his cellmate claimed belonged to him, in violation of unit policy[4]. The confiscation of such socks resulted in plaintiff not having clean socks to change into after he had to walk though snow or melted snow.

Plaintiff claims defendant WHITFIELD threatened to give plaintiff a disciplinary case because of the missing socks; he received cell moves; and that defendant LAMB accused plaintiff of writing in law library books and hindered extra time passes from being written, all in retaliation for plaintiff's preserving access to courts denials.

Lastly, plaintiff claims "prison officials" have deprived plaintiff "of expunction transcripts which is his right to access to the courts in violation of Board Policy which prevents him from showing an arrest." The actual act or omission alleged is the failure to provide finger print ink upon plaintiff's request. Plaintiff complains he made his requests to defendants LAMB and NUNN and his grievances on the matter were denied by defendants WHITFIELD and BARROW.

Plaintiff requests "injunctive relief for being deprived of the opportunity to adequately challenge the denial of effective assistance of counsel on an out of time appeal;" declaratory

---

[4]Plaintiff's February 20, 2009 response to Question no. 3 of the Questionnaire at "Questionnair [sic] Facts 3:".

judgment, and punitive damages of $10,000.00 for each defendant.  Plaintiff also requests that the Court "consider relief on the complaint also," but provides no explanation of the meaning of this request.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[5], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[6].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

---

[5]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[6]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**THE LAW AND ANALYSIS**

Initially, the Court notes that plaintiff's request for "injunctive relief for being deprived of the opportunity to adequately challenge the denial of effective assistance of counsel on an out of time appeal" appears to be connected to, if not seeking the same relief as, his pending habeas action in the Western District and such relief is not available to plaintiff through this civil rights suit.

With respect to the remainder of the claims, thorough review of plaintiff's complaint reveals plaintiff appears to complain about disagreeable events of normal prison life, couching his complaint in language of constitutional deprivation.  Prisoners are not entitled to unlimited access to the law library, *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998)(right of access to the court "does not afford prisoners unlimited access to prison law libraries."); and instances of possibly unprofessional conduct by prison officers or a failure to follow to prison policy, without more, will not support relief under section 1983.  *Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).  The Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981).  The Court will, however, address below, plaintiff's specific allegations.

**ACCESS TO COURTS**

The precise constitutional right involved in plaintiff's claims asserted herein is the right of adequate, effective and meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977); however, this right is not unlimited, but encompasses

only a prisoner's reasonably adequate opportunity to file non-frivolous legal claims challenging his conviction(s) or his conditions of confinement, *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997)(citing *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996).  A claimant asserting denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct.  *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).

As to plaintiff's allusion to an unspecified tort claim, the federal constitution does not protect plaintiff's right to law library access so he can engage in general legal research.  This claim lacks an arguable basis in law and is frivolous.

As to plaintiff's claim that his position as a litigant was prejudiced with respect to his habeas action, the Court notes plaintiff has utterly failed to demonstrate any actual injury in connection with this case.  Further, review of court records reveals plaintiff's habeas action, cause no. 6:07-CV-0409, in the United State District Court for the Western District of Texas, Waco Division, was filed December 26, 2007, a year after the events giving rise to plaintiff's access to courts claims.  That habeas action is still pending.  The record shows plaintiff has supplemented his petition, the respondent has filed a response, and the state court records have been obtained. Plaintiff's last pleading in that case was filed June 19, 2008 and contains argument that trial counsel was ineffective, the trial court was biased, and that they both conspired against him.  Further, plaintiff questions the completeness of the state court records.  By his petition, plaintiff also contends appellate counsel was ineffective.

Moreover, review of the December 26, 2007 Memorandum of Law filed contemporaneously with the habeas petition reveals that, among the impediments, such as carpal tunnel syndrome, which plaintiff argues limit his ability to litigate without appointed counsel, plaintiff does not list problems with law library access.

Based on the factors set out above, plaintiff has failed to state a claim on which relief can be granted in regard to his access to courts claim concerning his pending habeas action or any other court proceeding.

## RETALIATION

To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The inmate must be able to point to a specific constitutional right that has been violated. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Moreover, causation requires the plaintiff show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231.

Finally, the retaliatory adverse act must be more than inconsequential or *de minimis*, that is, it must be capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006).

When asked to allege facts to support his retaliation claims against each defendant, plaintiff alleged facts showing he had exhausted administrative remedies concerning them. The mere fact that plaintiff submitted grievances and eventually exhausted the grievance process is not an indication that the original incidents or those that followed were retaliatory. In addition, if the mere submission of a grievance is sufficient to demonstrate subsequent unpleasant events are retaliatory, this would nullify the element of causation, *i.e.*, that but for retaliatory motive the challenged action would not have occurred.

Plaintiff's claims of retaliation against all defendants except LAMB hinge on a determination that all of the defendants had conspired with LAMB to accomplish retaliation; however, plaintiff has utterly failed to allege any material fact to support the conspiracy claims. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Thus, plaintiff's claims of conspiracy lack an arguable basis in law and are frivolous, as are the retaliation claims dependent upon a conspiracy. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

By his Questionnaire response, plaintiff has also specifically asserted three alleged retaliatory incidents occurred, at two of which CO SIMMON  yelled at him and at the third, defendant LAMB accused him of staring at her and CO SIMMON's behinds, implying plaintiff could receive a disciplinary case. Because of this incident with defendant LAMB, plaintiff

alleges he was immediately in fear for his life and experienced such a dry mouth that he had to drink water when he got back to his cell. However, plaintiff alleges no fact which indicates retaliatory intent by LAMB or any "but for" causation.

Although plaintiff attempts to link the December 20th incident involving CO SIMMON to defendant LAMB, saying he appeared at the extra law library session without a pass because LAMB had told him he didn't need one and SIMMON yelled at him but not the other inmates. Plaintiff also alleges LAMB had told all the other inmates the same thing and they didn't have passes either[7]. The other incident with defendant SIMMON occurred on October 23, 2006 when she summoned him to the law library, showed him two tables covered with sheets of paper, presumably law library attendance rosters, reflecting days she said he had missed law library time, and demanded that he withdraw a grievance about her October denial of his law library request. Although plaintiff contends his attendance at the law library to that point was between 90% and 99%, he has also stated that, on occasions when his law library attendance time was changed, he sometimes showed up on those days at his old time, not the new time[8]. Thus, it appears law library attendance records would show plaintiff as not having attended at some scheduled sessions, though further research may have shown he attended at other times. Plaintiff says he refused SIMMON's demand that he drop his grievance about denial of an extra law library session and she yelled at him. The facts plaintiff presents in connection with these two incidents do not support a claim of retaliation.

---

[7]See second page of plaintiff's attachment to his Questionnaire response.

[8]See plaintiff's step 2 grievance no. 2007031452 at final sentence on page 1 through page 2, submitted with plaintiff's March 2, 2009, "Submission of Court-Ordered Documents."

Neither verbal abuse nor threatening language or unprofessional conduct by a prison guard will support a cause of action under section 1983.  *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)).  Thus, plaintiff's retaliation claims lack an arguable basis in law and are frivolous.

Additionally, the adverse retaliatory act, being shouted at by an officer, does not constitute an adverse act that is more than inconsequential or *de minimis*; it was not capable of deterring a person of ordinary firmness from further exercising his constitutional rights.  *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006).

Critically, plaintiff has not identified a specific constitutional right, the exercise of which triggered all the alleged retaliation.  Plaintiff claims he suffered retaliation "for preserving access to the courts denials violating 1st and 14th amendments to the United States Constitutional and Board Policy 03.81 which injured his legal claims."  As discussed previously, no legal claims were injured.  Secondly, periodic law library denials do not constitute denial of access to the courts.  Plaintiff is not entitled to unlimited law library sessions.  *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998).

For all the reasons set forth above, plaintiff has failed to state a claim of retaliation on which relief can be granted.

In addition to the failure to allege facts showing the necessary conspiracy between defendant LAMB and defendants VANDERBURG, for conducting the second cell search, and WHITFIELD, for threatening but not giving plaintiff a disciplinary case in connection with the confiscated socks, plaintiff has alleged no fact to show VANDERBURG's and/or WHITFIELD's

acts were triggered by retaliatory intent for his exercise of a constitutional right.  Further, the discomfort plaintiff experienced because he couldn't change into clean dry socks after walking through snow or melted snow does not constitute a violation of plaintiff's Eighth Amendment protection against cruel and unusual punishment.  *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981).

To the extent plaintiff is asserting a claim that his rights were violated by inadequate investigation or unsatisfactory resolution of his grievances, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved.  Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima.  *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), cert. denied, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).  Plaintiff's claims against defendants WHITFIELD and BARROW, and any other defendants sued on this claim, lack an arguable basis in law and are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To the extent plaintiff claims Assistant Warden WHITFIELD, Senior Warden SIMMONS[9], and Senior Warden NUNN "fail [sic] to supervise or correct failures," plaintiff has failed to allege facts showing the "failures" violated constitutionally protected rights.  Moreover,

---

[9]Distinguished from defendant Correction Officer MELONIA SIMMON already discussed above.

the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999).  A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th  Cir.1987); *Douthit v. Jones*, 641 F.2d 345,  346 (5th Cir.1981) (*per curiam*).  Plaintiff has alleged no fact demonstrating personal involvement by these officials and has alleged no fact showing any causal connection between their acts or omissions and the alleged constitutional violation.  Consequently, plaintiff's allegations against these defendants fail to state a claim on which relief can be granted.

Lastly, as to plaintiff's complaint that he was not provided fingerprint ink upon request, plaintiff has asserted no constitutional basis for an entitlement to fingerprint ink.  This claims lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge the Civil Rights Claims filed pursuant to Title 42, United States Code, Section 1983, by plaintiff LUTHER WAYNE COBB be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND

WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN

BE GRANTED.

IT IS SO RECOMMENDED.

ENTERED THIS 14th DAY OF MAY 2009.

_____

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).