

**FILED**
**JUNE 8, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

---

| | |
|---|---|
| LUTHER WAYNE COBB, PRO SE, § <br> also known as § <br> LUTHER WAYNE WARE, § <br> TDCJ-CID No. 1294301, § <br> § <br>    Plaintiff, § <br> § <br> v. § <br> § <br> Senior Warden TIMOTHY SIMMONS, § <br> Senior Warden JOE NUNN, § <br> Librarian II MARYANN LAMB, § <br> Correctional Officer MELONIA SIMMON, § <br> Assistant Warden GLEN H. WHITFIELD, and § <br> Asst. Prog. Admin. VICKY BARROW, § <br> § <br>    Defendants. § | 2:09-CV-0034 |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

By his May 28, 2009 Objections, plaintiff presents further facts which he failed to divulge in previous statements of his claims. The Court will address those facts.

### JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

**ACCESS TO COURTS CLAIM**

Review of plaintiff's objections reinforces the Court's recognition in the May 14, 2009 Report and Recommendation that plaintiff's claim is not that he was denied access to the law library, but that he was not provided as much access as he requested. Plaintiff claims he is guaranteed 10 hours a week in the law library and is guaranteed extra sessions if he can show a need. Whatever, the prison regulations provide, plaintiff's constitutional right encompasses adequate, effective and meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977); however, this right is not unlimited, but encompasses only a prisoner's reasonably adequate opportunity to file nonfrivolous legal claims challenging his conviction(s) or his conditions of confinement, *Johnson v. Rodriguez*, 110 F.3d 299, 310-311

---

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

(5th Cir. 1997)(citing *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996). An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999). A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice. *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991).

Plaintiff argues sometimes he did not receive 10 hours each week during the five month period ending the ending in December 2006[3] and that he was denied extra law library time for this period. He contends this violated his access to courts right because, he says, he was prevented from filing a tort action before the statute of limitations expired and because he was not able to do enough research to discover potentially meritorious challenges which he could have raised in his state habeas action. He states he is foreclosed from presenting them in his presently pending federal habeas action, cause no. 6:07-CV-0409, in the United States District Court for the Western District of Texas, Waco Division.

Plaintiff was informed by the May 14, 2009 Report and Recommendation that he had not shown the specific injury necessary to support an access to courts claim. Although he attempts

---

[3] The Court notes plaintiff's first allegation against defendants at the Jordan Unit begins in October of 2006. He only alleges "prison officials" fails to provide him full access to the library before that date and it appears he may be trying to assert a claim against persons outside the jurisdiction of this Court and whom he has not identified.

to remedy this shortcoming, plaintiff's new formulation[4] of the grounds he feels he was prevented from presenting is still too vague and conclusory to show specific harm; plaintiff has not provided the facts underlying these un-asserted arguments and, therefore, has not plead his injury with sufficient specificity to support an access to courts claim.

More importantly, the additional facts provided by plaintiff in his Objections reveal two independent bases, each of which is sufficient to defeat his access to courts claim. Plaintiff states, in his May 28, 2009 Objections, that he filed his state writ in February of 2007, three months after the mandate issued on the refusal of his P.D.R. by the Texas Court of Criminal Appeals[5]. Plaintiff does not explain why he filed his 11.07 in state court only three months after issuance of mandate rather than taking more time to adequately research his potential habeas claims. The A.E.D.P.A. provides a full year following the date on which judgment became final before a federal habeas must be filed, with tolling for the period the state habeas action is pending before that court. Therefore, plaintiff could have expended another five months, the amount of time he claims he was denied full access to the law library, in researching his state habeas claims more thoroughly and still would have had four months to allow for submission of a federal petition upon denial of his state habeas action. Under these circumstances, plaintiff cannot argue the lack of extra law library time, that is, more than ten hours a week, and the occasional failure to enter his data so he sometimes did not receive the full ten hours, for a five-

---

[4] Plaintiff states he "wanted to include in the 11.07" the following grounds: (1) denial of trial counsel at a critical stage or stages or the proceedings; (2) failure of trial counsel to subject the prosecution's case to meaningful adversarial testing; (3) the absence of plaintiff and defense counsel during a portion of voir dire was ineffective assistance of counsel absent effective waiver.

[5] Plaintiff's May 28, 2009 Objections at page 4, paragraph 9.

month period ending in December of 2006, deprived him of the time he needed to research his habeas claims. Plaintiff had that time; he did not avail himself of it.

Of equal importance is the fact that, although plaintiff says he "tried to supplement [his] 11.07 but the court took no judical [sic] notice," plaintiff does not state he has attempted to assert these claims in his federal habeas action. Instead, he says he has not asserted them and has never supplemented his claims or his arguments with respect to the federal habeas petition[6]. Plaintiff's contention that he has never supplemented his claims or legal argument in his habeas petition does not appear to be supported by the docket in cause no. 6:07-CV-0409, which shows a January 22, 2008 Supplement to Memorandum in Support of Petition for Writ of Habeas Corpus. Nevertheless, as plaintiff argues his position now in his May 28, 2009 Objections, he says he cannot raise these claims in his federal habeas petition now because he did not exhaust them in his state petition[7].

If a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred'," then the claim is procedurally defaulted.[8] *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998) (quoting *Coleman*

---

[6]Plaintiff's May 28, 2009 Objections at page 4, paragraph 9.

[7]Plaintiff's May 28, 2009 Objections at page 4, paragraph 10.

[8]The abuse of the writ rule can be an adequate and independent state ground foreclosing federal habeas review. *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995). Such a procedural rule that acts as a bar, however, must be "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). The Fifth Circuit Court of Appeals has determined that the Texas abuse of the writ doctrine has been strictly and regularly applied since 1994. *Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998); *Emery v. Johnson,* 139 F.3d 191, 195, 201 (5th Cir. 1997), *cert. denied*, 525 U.S. 969, 119 S.Ct. 418, 142 L.Ed.2d 339 (1998).

*v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).  There is, however, a "cause and prejudice" exception to the procedural bar.  "When the ground upon which the petitioner relies for habeas relief was not exhausted in state court and state procedural rules would bar subsequent presentation of the argument," this Court will not consider petitioner's unexhausted claim absent 'cause' and 'prejudice.'"  *Beazley v. Johnson*, 2001 WL 118393, *15 (5th Cir. 2001) (quoting *Little v. Johnson*, 162 F.3d 855, 859 (5th Cir. 1998), *cert. denied*, 526 U.S. 1118, 119 S.Ct. 1768, 143 L.Ed.2d 798 (1999)).  Federal habeas relief will not be granted on a procedurally defaulted claim <u>unless</u> the petitioner can demonstrate *both* good cause for the default *and* actual prejudice as a result of the alleged violation of federal law, *or* demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Id.* (citing *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir.) , *cert. denied*, 525 U.S. 952, 119 S.Ct. 383, 142 L.Ed.2d 316 (1998) (pre-AEDPA);  *Nobles,* 127 F.3d at 423 n. 33 (post-AEDPA); *Williams v. Cain,* 125 F.3d 269, 276 (5th Cir.1997), *cert. denied*, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998) (post-AEDPA); *cf. United States v. Flores*, 135 F.3d 1000, 1006 n. 23 (5th Cir.1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999) (post-AEDPA, section 2255)).  Plaintiff's habeas action no. 6:07-CV-0409 is still pending in the United States District Court for the Western District of Texas, Waco Division.  Critically, plaintiff has not presented his "inadequate law library" or "inadequate access to law library" claims to the habeas court in an attempt to avoid any procedural bar.  Plaintiff states he has not attempted to supplement or amend it in any way.  Plaintiff has not and cannot show the alleged limitations on his law library access has resulted in the denial of access to courts which he claims with respect to his habeas action.

Therefore, as the Court stated in the May 14, 2009, Report and Recommendation, plaintiff's request for "injunctive relief for being deprived of the opportunity to adequately challenge the denial of effective assistance of counsel on an out of time appeal" appears to be connected to, if not seeking the same relief as, his pending habeas action in the Western District and such relief is not available to plaintiff through this civil rights suit.

As to plaintiff's proposed tort action, plaintiff has added nothing to his earlier allegations on this point, and the Court rests on its earlier analysis of this claim.

For the reasons set forth above and in the May 14, 2009 Report and Recommendation, plaintiff's access to courts claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## DENIAL OF FINGERPRINT INK AND NEW REQUEST TO COURT FOR EXPUNCTION OF RECORDS

With respect to his access to courts claim based on the denial of fingerprint ink, plaintiff argues he has a constitutional right to expunge an arrest record from his TDCJ or Parole Board files. The arrest in question is one for the 1999 sexual assault of a thirteen year old girl which resulted in a prosecution by military court-martial and plaintiff's subsequent acquittal. Plaintiff argues this will be considered by the Parole Board and will result in a denial of parole. Plaintiff now requests the record of his arrest be expunged from his TDCJ records.

Any right plaintiff has to expunge this arrest from his records would have to be based on Due Process; however, Texas law creates only a hope of parole, not a right to it. *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993)(citing *Williams v. Briscoe*, 641 F.2d 274, 276 (5th Cir. 1981), *cert. denied*, 454 U.S. 854, 102 S.Ct. 299, 70 L.Ed.2d 147

(1981)).  Plaintiff has no constitutionally protected due process rights in connection with release on parole.  Because Texas prisoners have no protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural or substantive Due Process grounds.  *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).  Therefore, plaintiff has no right to the expunction of the record of his arrest, and the acts or omissions of which he complains in that regard did not violate his right of access to courts.  Plaintiff's claim in this respect lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**RETALIATION**

Plaintiff informs the Court it has misunderstood his allegation about an occasion on which defendant LAMB warned him he seemed to be trying to stare at her and defendant SIMMON from behind and implied he could be given a disciplinary case, causing plaintiff to fear for his life and experience such a dry mouth that he had to drink water when he returned to his cell.  Plaintiff states the Court was wrong to construe this as an allegation she accused him of trying to look at their "behinds" and says she accused him of looking at them behind their desk.  The wording of plaintiff's allegation[9] was "LAMB started accusing me of looking at them behind falsely accused me of standing behind their desk as I talked to them."  If the Court misunderstood the exact tenor of LAMB's remark, it does not change the fact that plaintiff was being warned not to stand where he was standing.  The facts he has alleged concerning this incident do not support his claim that it was in retaliation for his grievances concerning law library access.

---

[9] See the second page of plaintiff's handprinted attachment to his February 20, 2009 Questionnaire response.

Plaintiff argues he also suffered retaliation by being falsely accused by defendant LAMB of writing in one or more law books.  Plaintiff pleads that the consequences of a disciplinary case would affect his access to the law library and could result in a deduction from his inmate trust account for damages to the books.  Nevertheless, plaintiff does not allege he ever received such a case, merely that he was threatened with one.

Plaintiff was afforded full access to the courts for purposes of his habeas action, as well as the present civil rights action.  Further, although plaintiff has shown he filed a grievance concerning his access to the law library which defendant SIMMON felt was false and for which she called him in to show him the records and ask him to withdraw the grievances, plaintiff was allowed to file this and subsequent grievances.  Plaintiff also received extra law library time later and has failed to show he suffered any prejudice due to his earlier problems getting the amount of time he wanted in the law library.  The Fifth Circuit stated that neither frivolous filings nor secondary litigation activity may comprise the basis of a retaliation claim, citing *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir.1997); because plaintiff's grievances about law library access were frivolous, they cannot form the basis of a retaliation claim.  *See, e.g., Brown v. Craven,* 106 F.Appx. 257 (5th Cir. July 26, 2004); *Decker v. Dunbar*, 2008 WL 4500650, cause no. 5:06-CV-210 (E.D. Tex. Sept. 29, 2008).  Moreover, plaintiff has not alleged any material facts to support his claim of conspiracy and his present allegations do not present a harm or show causation sufficient to support a claim of retaliation.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the

RECOMMENDATION of the Magistrate Judge to the United States District Judge the Civil Rights Claims filed pursuant to Title 42, United States Code, Section 1983, by plaintiff LUTHER WAYNE COBB AND AS AMENDED OR SUPPLEMENTED BY PLAINTIFF IN HIS OBJECTIONS be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

IT IS SO RECOMMENDED.

ENTERED THIS 8TH DAY OF JUNE 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).